Case 4:18-cv-03910   Document 32   Filed on 07/07/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CELIA HON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-3910 |
| § | |
| ALLSTATE FIRE & CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment (Dkt. 23). No response was filed in opposition to the motion. After careful consideration of the pleadings, the motion, the entire record, the parties' submissions, and the applicable law, the Court **GRANTS** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The following undisputed facts are established by the summary judgment record. Plaintiff Celia Hon ("Hon") was the holder of a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") bearing Policy No. 1806903686, which was issued by Allstate to cover her property located at 719 Marleen Street, Houston, Texas 77034. The SFIP insured Hon's property against flood damage for the dwelling (Coverage A), personal property (Coverage B), debris and loss avoidance measures (Coverage C), and costs incurred for compliance with local flood plain management laws (Coverage D). The SFIP had building limits of $146,300.00 and contents limits of $42,200.00, each subject to a deductible of $1,250.00.

The SFIP was in full force and effect when, on or about August 26, 2017, a storm caused flooding on Hon's property. Hon submitted a damage claim to Allstate under her SFIP. Allstate acknowledged the claim and assigned the loss to an independent adjuster. Dkt. 23, Exhibit E. The independent adjuster then completed an estimate of what he deemed to be covered and payable damages caused by flood. See Independent Adjuster's Estimate. *Id.,* Exhibit F.

Allstate reviewed and verified the adjustment and recommendations of the independent adjuster and determined that the covered and payable amount of the claim pursuant to the terms of the SFIP was $52,255.19 for Hon's dwelling under Coverage A. On October 22, 2017 Allstate sent a letter to Hon conveying payment for the covered damages in this amount. *Id.* Exhibits G & H.

On May 22, 2018, Allstate received a letter from Hon's counsel requesting additional payment for her alleged flood damages. The letter contained a purported proof of loss in the amount of $185,000 dated January 13, 2018 and signed by "Rene Reyes." The proof of loss was not signed and sworn to by Hon. *Id.,* Exhibit I. On May 25, 2018 Allstate denied Hon's request. *Id.,* Exhibit J.

Subsequently Hon filed this action against Allstate asserting a claim for breach of contract. In support of this claim, Hon alleges that Allstate breached her SFIP by undervaluing and underpaying her flood claim. Dkt. 1, Para. 11.

Allstate has now moved for summary judgment in this action. Allstate argues that Hon, prior to filing suit, failed to timely submit a properly signed and sworn proof of loss as required by her SFIP. Accordingly, Allstate argues that Hon has failed to comply with

the conditions precedent to filing this suit for breach of the SFIP and her claims against Allstate are barred as a matter of law. For the reasons discussed in greater detail below, the Court agrees. [1]

## LEGAL STANDARD

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations and internal quotations omitted). In deciding whether a genuine and material fact issue has been created, the Court must review the facts and the inferences to be drawn from those facts in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

---

[1] Allstate also argues that, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), it is entitled to summary judgment because Hon failed to cooperate in discovery and has prejudiced Allstate's ability to defend against her claims. The record in this case provides ample evidence that Hon has not timely complied with her discovery obligations in this case. However, the Court need not address this argument because, as shown below, Allstate is entitled to judgment in this action on other grounds.

## ANALYSIS

A. The NFIP and Hon's SFIP

In this case, Hon is suing Allstate for breach of its payment obligations under an SFIP issued by Allstate under the U.S. Government's NFIP. The NFIP was created by Congress to provide affordable flood insurance on fair terms. *See Marseilles Homeowners Condominium Assoc. Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008) (citing *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)). The Federal Emergency Management Agency ("FEMA") administers and operates the NFIP, which is supported by the federal treasury. *Marseilles*, 542 F.3d at 1054. A policy issued under the NFIP is called an SFIP. *Id.* An SFIP is "a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders." *Id.* (quoting *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)); *see also* 44 C.F.R., part 61, app. A(1) and A(2) (form SFIP). FEMA sets the terms and conditions of all SFIPs. *Marseilles*, 542 F.3d at 1054. SFIPs may be issued directly by FEMA or through private insurers, which are called "Write Your Own" (WYO) companies. *Id.* Pursuant to statute, WYO insurance companies are fiscal agents of the United States. *Id.* (citing *Gowland*, 143 F.3d at 953 and 42 U.S.C. § 4071(a)(1)). Here, Allstate, as a WYO company, issued the SFIP to Hon.

B. The SFIP's Proof of Loss Requirement

Pursuant to Article VII(R) of the SFIP, an insured may not file a lawsuit against her WYO insurer "unless [she has] complied with all the requirements of the [SFIP]." *McDonough*, 2010 WL 11545195 at *2, 2010 U.S. Dist LEXIS 11325 at *6 (citing 44

C.F.R. pt. 61, app. A(1) art. VII(R)). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator . . . ." 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

Pursuant to Article VII(J)(4) of Hon's SFIP, the timely submission of a proof of loss that has been signed and sworn to by the insured is a condition precedent to bringing any action against Allstate for breach of the SFIP. *See Marseilles*, 542 F.3d at 1055 (citing 44 C.F.R. pt. 61, app. A(2), art. VII(J)(4)). Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP – including the proof of loss requirement – must be strictly construed and enforced. *See McDonough v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, NO. 09-242 Section I/1, 2010 WL 11545195 at *2, 2010 U.S. Dist. LEXIS 11325 at *5 (E.D. La. Feb. 8, 2010) (citing *Wright v. Allstate Ins. Co. (Wright I)*, 415 F.3d 284, 387 (5th Cir. 2005)). Specifically, the Fifth Circuit has referred to the submission of a sworn proof of loss within the requisite time period as a "strict" requirement. *Marseilles*, 542 F.3d at 1056 (quoting *Richardson v. American Bankers Ins. Co.*, No. 07-30271, 279 F. App'x 295 (5th Cir. Feb. 27, 2008) (quotations in original)). An insured's failure to provide a complete and sworn proof of loss as required by the SFIP relieves the federal insurer's obligation to pay what otherwise might be a valid claim; even substantial compliance is not enough. *Gowland*, 143 F.3d at 952; *see also Forman*, 138 F.3d at 543-44. Accordingly, Hon cannot file a lawsuit against Allstate seeking further federal benefits under the SFIP unless she can show prior compliance with *all* of the policy's requirements, including the proof of loss requirement. *See Marseilles*, 542 F.3d at 1056.

In this case the summary judgment evidence clearly establishes that Hon's proof of loss for additional payments under her SFIP does not comply with the requirements of the SFIP. Dkt. 23, Exhibit I. It is not signed and sworn by Hon. The failure to submit a signed and sworn proof of loss precludes the plaintiff from seeking further federal benefits under an SFIP. *See, e.g., Chaddick v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 13491, 2009 WL 455183 at *2-*5 (W.D. La. Feb. 23, 2009) (citing *Richardson v. American Bankers Ins. Co. of Fla.*, No. 07-30271, 279 F. App'x 295 (5th Cir. Feb. 27, 2008)). Accordingly, Allstate is entitled to summary judgment with respect to Hon's breach of contract claim for additional payment for flood damages under her SFIP.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Allstate's Motion for Summary Judgment (Dkt. 23) is **GRANTED.**

SIGNED at Houston, Texas, this 7th day of July, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE